UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IVAN THOMAS, | Case No. 1:21-cv-313 |
| Plaintiff, | McFarland, J. |
| | Bowman, M.J. |
| v. | |
| ENHANCED RECOVERY COMPANY, LLC et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

On April 8, 2021, Plaintiff Ivan Thomas (Thomas) commenced this action *pro se* against Defendant Enhanced Recovery Company (ERC) in Butler County Court, Area III, Small Claims Division (Case No. CVI 2100383 (Doc. 3). Plaintiff alleges in their complaint that the Defendant failed to provide proper notice to the Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (the "FDCPA"), cited in Plaintiff's complaint as § 809 of the Fair Debt Collection Practices Act. (Doc. 3).

On April 27, 2021, a copy of the complaint was served on Defendant. (Doc. 1). On May 7, 2021, Defendant filed a Notice of Removal to this Court pursuant to 28 U.S.C. § 1446, claiming that this Court possesses original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this civil action involves a federal question. (Doc. 1). On May 14, 2021, Defendant filed its answers and affirmative defenses to Plaintiff's April 8, 2021 complaint. (Doc. 4). Further, Defendant requested that the Court enter summary judgment against Plaintiff and in favor of Defendant in connection with all claims for relief in the Complaint. (Doc. 4).

On May 21, 2021, Plaintiff filed its amended complaint and requested that the Court enter summary judgment against Defendant and in favor of Plaintiff in connection

with all claims for relief in the Complaint. (Doc. 6). On June 4, 2021, Defendant filed its answers and affirmative defenses to Plaintiff's May 21, 2021 amended complaint and again requested that the Court enter summary judgment against Plaintiff and in favor of Defendant in connection with all claims for relief in the Complaint. (Doc. 7).

On July 2, 2021, the Court scheduled a telephone scheduling conference for July 22, 2021 at 10:00 AM before the Court and issued notice to the Plaintiff and Defendant. (Doc. 9). On July 14, 2021, the mailed notice of telephone conference to Plaintiff was returned as undeliverable. (Doc. 10). At the July 22, 2021 telephone scheduling conference, a follow-up telephone status conference was set for August 5, 2021 and the Plaintiff failed to appear. (Doc. 11). During the conference, counsel for Defendant advised the Court that the parties had reached a settlement in this matter and that a written settlement agreement was being circulated, the settlement was in the final stages of being fully executed, and that the filing of a notice of dismissal was anticipated within the next 30 days. (Doc. 11).

On October 25, 2021, the Court ordered the Plaintiff, within 14 days of the date of the order, to file a notice of dismissal with prejudice which comports with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(ii) or explain why this matter should not be dismissed. (Doc. 11). Plaintiff was notified that failure to do so will result in the Court issuing a Report and Recommendation to the presiding judge that this matter be dismissed with prejudice pursuant to the settlement agreement executed by the parties. (Doc. 11).

To date, the Plaintiff has failed to respond to the Court's October 25, 2021 order to file a notice of dismissal with prejudice. The Court has not received a notice of dismissal

with prejudice which comports with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(ii) or filings to explain why this matter should not be dismissed pursuant to the Court's order.

"District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b).

Accordingly, it is therefore **RECOMMENDED** this case should be **DISMISSED with prejudice** for Plaintiff's failure to comply with the Court's October 25, 2021 Deficiency Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

                 *s/Stephanie K. Bowman*
                 Stephanie K. Bowman
                 United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

IVAN THOMAS,                                 Case No. 1:21-cv-313

    Plaintiff,                                 McFarland, J.
                                          Bowman, M.J.

    v.

ENHANCED RECOVERY COMPANY, LLC et al.,

    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).